UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRETT TAYLOR, #602447,

                    Plaintiff,                           Civil Action No. 15-cv-10883

v.                                                       HON.  BERNARD A. FRIEDMAN

THOMAS COMBS, et al.,

                    Defendants.
_____/

### OPINION AND ORDER OF SUMMARY DISMISSAL

**I.      Introduction**

Michigan prisoner Brett Taylor ("plaintiff"), currently confined at the Woodland Center

Correctional Facility in Whitmore Lake, Michigan, has filed a *pro se* civil rights complaint pursuant

to 42 U.S.C. § 1983.  While the handwritten complaint is somewhat difficult to read, plaintiff seems

to assert that prison employees refused to help him file and/or resolve grievances, refused to clean

his room, are committing medical malpractice, and are discriminating against him based upon his

race and economic status.  He also asserts that schools have discriminated against him and that he

has been subjected to legal malpractice, human rights violations, and First Amendment violations.

He names Michigan Parole Board Chairperson Thomas Combs as a defendant, as well as "judges,

court staff, prosecutors in MI" and "all employees of the MDOC and health care" and sues them in

their personal and official capacities.  He seeks to have his criminal record cleared, to have his sons

placed in his sole custody, billions of dollars in damages, to be released from prison or removed to

federal custody, and to be given money for braces, laser surgery, and body augmentation.  The Court

has granted the plaintiff leave to proceed without prepayment of fees and costs for this action.  *See*

28 U.S.C. § 1915(a)(1).

## II.     Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a federal court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  A federal court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Plaintiff's civil rights complaint fails to satisfy the aforementioned pleading standards.  First, plaintiff only identifies Michigan Parole Board Chairperson Thomas Combs as a defendant in this action.  Plaintiff, however, does not allege any facts demonstrating Combs' personal involvement in any alleged improper conduct.  It is well-settled that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983.  *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff does not do so as to Combs, the only defendant identified by name.

Second, the other defendants named by plaintiff are "judges, court staff, prosecutors in MI" and "all employees of the MDOC and health care."  Such identifications are too broad and too vague to provide notice to any particular defendants, to effectuate service on any defendants, and to satisfy the pleading standards of Rule 8 and *Iqbal* and *Twombly*, as discussed *supra*.  The plaintiff also

provides no indication as to what any particular defendant did or did not do that resulted in a violation of his constitutional rights.  He thus fails to sufficiently allege the personal involvement of any particular defendant in unconstitutional conduct so as to state a viable civil rights claim under § 1983.

Third, as to the grievance issues, plaintiff fails to state a claim upon which relief may be granted.  The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances."  U.S. Const. amend. I.  While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances.  *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").  Plaintiff does not allege what actions, if any, defendants took to intentionally deny him access to the grievance procedure.  Conclusory allegations without factual support are insufficient to state a civil rights claim. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57.

Moreover, a prisoner does not have a constitutionally-protected interest in an inmate grievance procedure or the right to an effective procedure.  *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases).  To the extent that plaintiff is dissatisfied with the investigation of his concerns and responses to his grievance, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp.

2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report). Additionally, any assertion that defendants failed to supervise another employee, should be vicariously liable for another employee's conduct, erred in denying grievances, and/or did not properly respond to his complaints is insufficient to state a civil rights claim. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

Fourth, as to the medical care issue, plaintiff fails to state a claim upon which relief may be granted.  The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The deliberate indifference standard requires an inmate plaintiff to show that prison official defendants acted with a reckless disregard of a known risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).  A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care. *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).

Plaintiff, however, makes no such showing.  The grievances and other documents attached to his complaint indicate that he has received, and continues to receive, medical attention for his mental health issues.  When there is an ongoing pattern of treatment, a prisoner's constitutional rights are generally not infringed. *See, e.g., Pate-El v. Gluch*, 848 F.2d 193 (Table), 1988 WL 49054, *1 (6th Cir. 1988); *accord Huff v. Manfredi*, 504 F. App'x 342, 345 (5th Cir. 2012); *Ali v. Howard*, 353 F. App'x 667, 671 (3d Cir. 2009).  Plaintiff in this case alleges no facts that show that the defendants ignored his problems, acted with deliberate indifference, or intentionally caused him injury or pain.  Conclusory allegations are insufficient to state a civil rights claim. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57.

While certain treatments may not have been fully effective and/or plaintiff may disagree with the course of treatment provided and believe that additional treatment should be done, he does not allege facts or present documents which show that the defendants acted unconstitutionally. *See Jennings v. Al–Dabagh*, 97 F. App'x 548, 550 (6th Cir. 2004) (prisoner's personal opinion that his care was substandard or that he was not given treatment he requested because of costs raises a claim of state-law medical malpractice, not constitutionally defective medical care); *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."). The Supreme Court has ruled that decisions about whether to order additional diagnostic tests or treatment are classic examples of the exercise of medical judgment and do not constitute cruel and unusual punishment. *Estelle,* 429 U.S. at 107. Further, it is well-settled that claims of negligence concerning a prisoner's medical treatment, *i.e.* medical malpractice, are not cognizable in a civil rights action under § 1983. *Id.* at 106. An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have been negligent does not state a claim under §1983. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn.,* 34 F.3d 345, 348 (6th Cir. 1994). Plaintiff fails to state a claim under § 1983 in his complaint.

Fifth, as to legal malpractice and other issues related to his criminal proceedings, the plaintiff fails to state a claim upon which relief may be granted. A claim under § 1983 is an appropriate remedy for a prisoner challenging a condition of imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging

his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff.  *Heck*, 512 U.S. at 487-89.  *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  If plaintiff were to prevail on his claims concerning his criminal proceedings, the validity of his continued confinement would be called into question. Such claims are barred by *Heck* and must be dismissed.

Lastly, as to the remaining issues regarding room cleaning, discrimination, human rights, and the First Amendment, the plaintiff's claims are purely conclusory as to any defendants, as to any perceived unconstitutional conduct, and as to any resulting prejudice or injury.  As discussed *supra*, conclusory allegations without factual support are insufficient to state a claim under § 1983. *Crawford-El*, 523 U.S. at 588; *Lanier*, 332 F.3d at 1007; *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57.  Plaintiff's civil rights complaint must therefore be dismissed.

## III.     Conclusion

The Court concludes that plaintiff's civil rights complaint fails to satisfy the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure, as well as Supreme Court precedent, and that plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his pleadings.  Accordingly, the Court dismisses with prejudice the civil rights complaint

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court further concludes that an appeal from

this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*,

369 U.S. 438, 445 (1962).

      SO ORDERED.


            S/ Bernard A. Friedman_____
            BERNARD A. FRIEDMAN
            SENIOR UNITED STATES DISTRICT JUDGE

Dated:  April 1, 2015