UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRETT TAYLOR,

        Plaintiff,        Civil Action No. 15-cv-10883

vs.        HON. BERNARD A. FRIEDMAN

THOMAS COMBS, et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S RULE 59(e) MOTION

This matter is presently before the Court on instructions from the Sixth Circuit Court of Appeals to construe plaintiff's April 27, 2015, letter as a timely Rule 59(e) motion to alter or amend the Court's judgment. *See* Docket Entry 12. Plaintiff's April 27, 2015, letter states in full:

> It is kida [sic] hard to do this because I am hevaly [sic] medicated.
> Staff asalted [sic] me resently [sic] . . . please help.
> Note also sue is on all MDOC Employees.
> I'm sueing [sic] the hole [sic] state their laws are a violation of my rights . . . All sitasents [sic]. He hit me and I hit the wall.
> Combs name removed from claim. I have no name for defendents [sic], Combs is one of the defendents [sic]. Combs name was the only one ezaly [sic] avalable [sic]. You must ask for my other evadince [sic]. You shouldn't deny my claim without seeing my other evadince [sic].

Docket Entry 7.

Rule 59(e) motions are entrusted to the Court's sound discretion. *Keweenaw Bay Indian Community v. United States*, 940 F.Supp. 1139, 1140 (W.D. Mich. 1996). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "A Rule 59(e) motion, however, is

not intended as a vehicle to relitigate previously considered issues . . . [and] should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence . . . [and] the 'proper vehicle for relief is an appeal' rather than a motion to alter or amend." *Keweenaw*, 940 F.Supp. at 1041.

The substance of plaintiff's letter, even when construed liberally, does not satisfy any of the four standards under which Rule 59(e) motions may be granted. Plaintiff does not argue that there has been an intervening change in controlling law, nor has he established that the Court has made a clear error of law. Plaintiff also has failed to show that relief is needed to prevent a manifest injustice.[1] And although plaintiff asserts that the Court "must ask for [his] other [evidence]" and that the Court "shouldn't deny [his] claim without seeing [his] other [evidence]," he has not established that this evidence was previously undiscoverable at the time he filed his complaint. Accordingly, plaintiff's Rule 59(e) motion shall be denied.

SO ORDERED.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 14, 2016
      Detroit, Michigan

---

[1] A "manifest injustice" has been defined as "[a]n error in the trial court that is direct, obvious, and observable." *Tenn. Protection & Advocacy Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004). Plaintiff has made no such showing in his letter.